No. 13-1876

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

CLIFFORD CHARLES TYLER,

*Plaintiff-Appellant,*

v.

HILLSDALE COUNTY SHERIFF'S DEPARTMENT, *et al.*,

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the Western District of Michigan

_____

**MOTION OF BRADY CENTER TO PREVENT GUN VIOLENCE
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
IN SUPPORT OF DEFENDANTS-APPELLEES AND
<u>AFFIRMANCE UPON REHEARING *EN BANC*</u>**

Pursuant to Federal Rule of Appellate Procedure 29(b), Brady Center to Prevent Gun Violence ("Brady Center") respectfully moves this Court for leave to file an *amicus curiae* brief in support of Defendants-Appellees and affirmance on rehearing *en banc*.

The Brady Center is the nation's largest, non-partisan, non-profit organization dedicated to reducing gun violence through education, research and legal advocacy. Through its Legal Action Project, the Brady Center has filed

numerous *amicus curiae* briefs in cases involving firearms, including *McDonald v. City of Chicago*, 561 U.S. 742 (2010), *United States v. Hayes*, 555 U.S. 415 (2009), and *District of Columbia v. Heller*, 554 U.S. 570 (2008). The Brady Center brings a broad and deep perspective to the issues raised in this case and has a compelling interest in ensuring that the Second Amendment is construed properly to permit reasonable government action to prevent gun violence.

The Brady Center's *amicus* brief explains why intermediate scrutiny is the proper level of scrutiny to apply in assessing 18 U.S.C. § 922(g)(4) against a Second Amendment challenge. Following the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and applying its suggestion to look to analogous First Amendment law, every circuit court to consider the issue of the appropriate level of scrutiny for 18 U.S.C. § 922(g) has selected intermediate scrutiny as the proper level. The Brady Center's brief explains that those circuit courts' reasoning is sound, is consistent with *Heller*, and supports the application of intermediate scrutiny in this case. The brief also provides insight into the relationship between involuntary commitment, mental illness and gun violence (to oneself and others), demonstrating, *inter alia*, that firearms are the most lethal of suicide methods and that reducing access to firearms reduces suicides.

These are core issues in the *en banc* rehearing, making the Brady Center's *amicus* brief highly relevant to this Court's disposition of the case. Accordingly,

there is good cause for the Court to allow the Brady Center to file an *amicus curiae* brief.

Date: August 3, 2015

Respectfully Submitted,

/s/ Harry Frischer

| | |
|---|---|
| Jonathan E. Lowy | Harry Frischer |
| Alla Lefkowitz | Karen E. Clarke |
| Kelly Sampson | Hang (Helena) Zheng |
| Brady Center to Prevent Gun Violence | Proskauer Rose LLP |
| Legal Action Project | Eleven Times Square |
| 840 First Street, NE, Suite 400 | New York, NY 10036-8299 |
| Washington, DC 20002 | (212) 969-3000 |
| (202) 370-8104 | hfrischer@proskauer.com |
| jlowy@bradymail.org | *Counsel for* Amicus Curiae *Brady Center to Prevent Gun Violence* |
| *Of Counsel* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2015, I filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit via electronic mail. The Clerk of the Court will provide service to all registered attorneys participating in the case.

Date: August 3, 2015

/s/ Harry Frischer